# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 19-0401V

|  |  |
|---|---|
| KATY PARROTT,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 28, 2024 |

*Brian Robert Arnold*, Brian R. Arnold & Associates, Richardson, TX, for Petitioner.

*Alec Saxe*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 15, 2019, Katy Parrott filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that the influenza vaccine that she received on November 10, 2010, caused her to suffer from Guillian-Barré syndrome. Petition, ECF No. 1. On March 13, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 63.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $53,362.77 (representing $52,521.75 in fees plus $841.02 in costs). Petitioner's Application for Fees and Costs ("Motion") filed Sept. 29, 2023, ECF No. 68. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 4.

Respondent reacted to the motion on Oct. 4, 2023, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 71.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests $450 per hour for time billed by attorney Brian Arnold, and $150 per hour for paralegal work performed in the 2019-23 timeframe. ECF No. 68-1. These rates require adjustment.

Mr. Arnold has previously been awarded the rate of $378 per hour for time billed in 2019, and $433 per hour for time billed in 2020, less than what is being requested herein. *See Kos v. Sec'y of Health & Human Servs.,* No. 16-1658V, 2022 WL 778617 (Fed. Cl. Spec. Mstr. Apr. 11, 2022). I find no reason to deviate from these previously established rates, and therefore similarly reduce Mr. Arnold's rates to be consistent with *Kos*. For time billed in the 2021-23 period, however, the requested rate of $450 per hour is acceptable and will be awarded.

The requested paralegal rate also exceeds what has been previously awarded for paralegals working with Mr. Arnold. *Kos*, 2022 WL 778617. I will reduce the paralegal rate to $135 per hour for 2019, and $141 per hour for 2020, consistent with *Kos*. For paralegal time billed in 2021-23, however, I find the requested rate of $150 appropriate. Application of these rates will reduce the fees to be awarded by **$3,465.05**.[3]

## ATTORNEY COSTS

Petitioner requests $841.02 in overall costs. ECF No. 68-1 at 28-29. Such costs are associated with obtaining medical records, postage fees and the Court's filing fee. However, Petitioner's Motion did not include the required supporting documentation to verify counsel's litigation costs. On January 17, 2024, Petitioner was ordered to supplement his request for costs with supporting documentation. ECF No. 72.

On Feb. 7, 2024, Petitioner supplemented these cost requests, with the exception of $264.74 in costs that have not been substantiated by any supporting documentation,

---

[3] This amount consists of ($450 - $378 = $72 x 36.6 hrs) + ($450 - $433 = $17 x 31.30 hrs) + ($150 - $135 = $15 x 12.20 hrs) + ($150 - $141 = $9 x 12.75 hrs) = $3,465.05.

such as an invoice or proof of payment.[4] *Id.* When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the requested sum. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Thus, I disallow reimbursement of the unsubstantiated costs, reducing the total amount of litigation costs to be awarded by **$264.74.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$49,632.98 (representing $49,056.70 in fees plus $576.28 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Brian R. Arnold.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Examples of the unsubstantiated costs: 8/8/22: "Medical records - $68.00"; 10/4/22: "Medical Records $98.00"; 11/15/22: "Scan Stat Texas Children's Hospital $98.74." See ECF No. 68-1 at 28-29 and ECF No. 73.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.